The Town of Manchester v. Hoag et al.

---

THE TOWN OF MANCHESTER v. HOAG ET AL.

66 649
113 690

1. **Practice in Supreme Court**: KIND OF PROCEEDINGS: AGREEMENT IN LOWER COURT RECOGNIZED. Where an action has been brought and prosecuted in the lower court as a chancery action, without objection on the part of defendant, it will be treated as a chancery action here, without inquiry as to whether it is properly such or not.

2. **Cities and Towns**: TOWN OF MANCHESTER: DEDICATION OF STREET: EVIDENCE CONSIDERED. In an action by the plaintiff town to recover possession of a strip of land alleged to be a part of one of the streets, the evidence is examined, (see opinion,) and *held* that there was no dedication of the land in question by the proprietors of the town, and that there is no ground to hold that a puplic way exists by prescription over the land.

*Appeal from Delaware District Court.*

WEDNESDAY, JULY 22.

ACTION to recover possession of land. There was a judgment for defendant in the court below. Plaintiff appeals.

*C. Yoran* and *Bronson & Leroy*, for appellant.

*Blair & Norris* and *Powers & Lacy*, for appellees.

BECK, CH. J.—I. The action is brought to recover the possession of a strip of land forty feet wide, which is alleged by plaintiff to be a part of one of the streets of the town. Plaintiff seeks to recover on the ground that the land was set apart and dedicated for the use of the public as a street by the plat of the town, which was made of record in the manner prescribed by law. The action seems to have been brought and prosecuted in chancery without objection on the part of defendants. It is, therefore, under familiar rules prevailing here, unnecessary to inquire whether the action was prosecuted below in the proper forum. It will be treated as a chancery action in this court, the parties having so regarded it in the court below.

*1. PRACTICE in supreme court: kind of proceedings: agreement in lower court recognized.*

II. The decisive question in the case, and the only one which we shall consider, is this: Is the land in question shown by the town plat to be within the limits of a street? There are three plats of the town. When first laid off it was called Burlington, and a plat of part of the territory now included within the town was filed in the proper county office. Soon after, for some reason which it is not necessary to ascertain, another was recorded. The proprietors of the town transferred their title to many lots of the town to a land company, which filed for record another plat, which covers other land than that described in the other plats: This last plat corresponds with the prior plats. The name of the town was changed to Manchester, by an act of the general assembly, before the last plat was filed. The proprietors of the town of Burlington conveyed to a trustee, to secure creditors, a lot

*2. CITIES and towns: town of Manchester: dedication of street: evidence considered.*

in the town described as "mill lot," with water-power, and the mill and improvements thereon. This deed of trust was foreclosed, and the property was sold and conveyed under the decree. Defendants acquired title under the deed of trust and the decree of foreclosure thereof. After the deed of trust was executed, the proprietors of the town executed the conveyance to the land company above mentioned. The property conveyed is described as the "mill lot," shown by the recorded plat of the town of Burlington.

III. The point of contention between the parties is whether the plats of the town show a street existing along the east line of the mill lot. It is very plain that the two plats first filed do not. A most careful study of the plats reveals nothing to authorize the conlcusion that a street was intended to be shown in that locality. It is obvious that these plats must control, and that, even if the last plat shows a street, defendant's title to the land in controversy would not be affected, for the reason that the acts of those to whom the grantors in the deed of trust afterwards conveyed could not defeat or effect the title they acquired under that instrument. We need not, therefore, give attention to the plat last filed, for, if it does show a street at the locality involved in the controversy, which is indeed more than doubtful, defendant's rights would not be affected thereby.

IV. Various matters are urged upon our attention which it is claimed disclose the intention of the dedicators of the streets. One of these, not without force, is the fact that, if the street did not exist, certain streets would not intersect it, and each would be in fact a *cul-de-sac*. But this consideration would surely not establish a dedication, in the absence of all other evidence. Other matters urged as indications of the intention of the dedicators are of no greater force.

V. On the other hand, the reasons are obvious why there was no street provided for at the locality in question. The mill lot is upon both sides of the river, which affords the water-power for machinery, though the mill was, and still is,

upon the west side. But on the east side is a valuable mill-site, and upon this part of the lot, it is claimed, the street is located. But the street, as we understand the evidence, will occupy all the land between other lots of the town on the east and the bank of the river, except that at one end of the lot there will be about three feet between the street, as claimed, and the bank. Along the greater part of the east line of the lot, the line of the street would be between the bank and the water, thus removing the mill lot entirely from the bank. It is absurd to suppose that the owner of a water-power reserving a mill-site upon a stream would limit the line of his reservation within the bank. The water-power is valuable, and land upon which buildings may be erected to use it is indispensable, and space about such buildings is necessary to the convenient prosecution of the business of manufacturing. When the dedication of the street was made, the importance of the mill and mill-site was, doubtless, greater than it is to-day. The mill was the leading property and interest of the embryo village. It will be remembered that the owners of the mill and water-power were the proprietors of the village. It is absurd to suppose that they intended by the plat to dedicate a street along the eastern bank of the river which would diminish the value of the property, if not wholly prevent the use of the water-power, on that side of the river. We need pursue the case no further. As there was no dedication of the street, it does not exist.

VI. While the public and individuals have used a part of the land which has not been occupied or inclosed for passing to and from the adjacent property, there is no ground for holding that a way exists by prescription, and there is no evidence that defendant, or those under whom they claim, ever dedicated the land for public use.

In our opinion the judgment of the district court ought to be

AFFIRMED.